UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **STEVEN BODNAR,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0239 AS |
| ) | |
| **JOHN VANNATTA,** ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 21, 2005, pro se petitioner, Steven Bodnar, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 22, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on August 30, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding, and the result of the disciplinary conviction was a sanction including loss of telephone privileges which does not implicate a liberty interest. However, there was an earned credit time deprivation of a 165 days and a demotion to credit class III, which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). These disciplinary proceedings were at the Lakeside Correctional Facility in this district and the case number is LCC 04-12-0041, and the petitioner was found guilty. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient

under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The petitioner additionally alleges that he was "tricked" into pleading guilty to the aforesaid offense. He has simply failed to raise that issue as he must under *Markham*. *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). This issue simply was not presented as it must be under the Supreme Court authority of *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 347 (2004).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally the ADP provisions and regulations are state law under the rubric of *Estelle*. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

In spite of the very extensive record that has been put before this court in a massive array of exhibits, there is no violation of the Constitution, statutes or treaties of the United States demonstrated. For those reasons, the petition for relief under 28 U.S.C. §2254 is now **DENIED**. **IT IS SO ORDERED**.

DATED: September 7, 2005

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**